MANIE IPPOLITO ET AL. *v.* COMMUNITY BANK AND
TRUST COMPANY.

MALTBIE, C. J., JENNINGS, ELLS, DICKENSON and INGLIS, Js.

Argued October 13—decided November 23, 1942.

*William J. McKenna,* with whom was *Anthony A.
E. DeLucia,* for the appellant (plaintiff).

*Daniel D. Morgan,* for the appellee (defendant).

DICKENSON, J. An examination of the draft find-
ing, finding and evidence certified to support these
indicates that there was a considerable departure on
the trial from the issues framed by the pleadings, and
this requires an analysis of the complaint to dispose
of the assignments of error relating to the finding.
The complaint recites in substance that the plaintiff
Manie Ippolito owned and operated an ice business
and wished to construct an ice plant on her land; that
her husband, Joseph Ippolito, acted throughout as
her agent and as such was a customer of and depositor
in the defendant bank; that about February 1, 1937,
Joseph Ippolito as such agent requested the bank to
loan $10,000 or $15,000, the money to be used in the

purchase of equipment for the proposed plant, and the defendant agreed to finance Manie Ippolito to this extent as the money was needed, providing she erected the ice plant; that she built the plant and on or about September 27, 1937, gave a $1000 check to be applied to the payment for the equipment, which she had contracted to acquire for $10,000 but which was worth $25,000; that this check was presented to the defendant bank for payment and payment was refused by the defendant for the reason of "insufficient funds"; that in accordance with the agreement between the parties there were sufficient funds to pay the check; that as a result of the defendant's failure to honor the check, the plaintiff Manie Ippolito lost the profit of $15,000 on the purchase of equipment and also lost a profit of $10,000 on contracts she had made for the sale of ice in reliance upon the agreement.

The record indicates that upon the trial the complaint was construed to set up a cause of action for breach of an agreement to loan $10,000 or $15,000, and this was the theory upon which the case was tried. While the assignments are seven in number, the first three attack the finding and their disposition is conclusive of the others. The finding is definite that there was no such agreement as the plaintiffs allege and there is ample evidence to support that finding. During the trial much evidence was introduced as to the failure to pay the check for $1000, and it was generally treated as drawn against the proceeds of a mortgage loan of $3500 which the bank did in fact make. This loan was a separate transaction but in the complaint and the plaintiffs' claims of proof at the trial the failure to pay the check was related directly to the breach of the claimed agreement to make a loan of $10,000 or $15,000, and the record affords no basis for the consideration of any claimed liability growing

out of a failure to pay the check from the proceeds of the mortgage loan. In view of the failure to prove an agreement to make the loan as alleged in the complaint, the rulings on evidence become of no consequence.

There is no error.

In this opinion the other judges concurred.